UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BILLY ALLEN WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | 3:25-CV-157-KAC |
| | ) | 3:23-CR-23-KAC |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

On March 23, 2023, Petitioner Billy Allen Wright pled guilty to possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) [Doc. 9].[1] On October 6, 2023, he filed a "Motion to Withdraw Guilty Plea," arguing that he was "legally innocent" because Section 922(j) purportedly violated his rights under the Second Amendment to the Constitution [Doc. 26 at 3]. On February 5, 2024, the Court denied Petitioner's Motion [Doc. 35]. Petitioner appealed, [*see* Doc. 45], and that appeal is currently pending before the United States Court of Appeals for the Sixth Circuit, [Doc. 48]. *See United States v. Billy Allen Wright*, No. 24-5441 (6th Cir.). On April 10, 2025, Petitioner filed the instant pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 49; *see also* 3:25-CV-157, Docs. 1, 2]. For the reason explained below, the Court denies his Motion without prejudice.

"[I]n the absence of extraordinary circumstances," a defendant is not "entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn" his conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (quotation

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, Case Number 3:23-CR-23.

omitted). Indeed, a district court may generally not consider a Section 2255 petition "during the pendency of" a petitioner's direct appeal because resolution of that direct appeal "may render collateral attack . . . unnecessary." *Id.* While this rule is not jurisdictional, it "promote[s] judicial economy and the orderly administration of justice." *See Joy v. United States*, No. 16-6494, 2017 WL 4513119, at *2 (6th Cir. Mar. 20, 2017) (citation omitted).

Here, Petitioner's direct appeal of his underlying criminal action is currently pending before the Sixth Circuit [Doc. 48]. *See United States v. Billy Allen Wright*, No. 24-5441. Petitioner acknowledges as much [*See* 3:25-cv-157, Doc. 2 at 3]. And Petitioner has identified no unusual or extraordinary circumstances warranting an exception to the general rule against considering a Section 2255 petition while a direct appeal in the underlying criminal action is pending. The Court, therefore, will not consider Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 49; *see also* 3:25-CV-157, Docs. 1, 2] and **DISMISSES** Petitioner's civil action, 3:25-CV-157, **without prejudice**. An appropriate judgment will enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon the entry of a final order adverse to a Petitioner, the Court must "issue or deny a certificate of appealability." A certificate of appealability may issue only when Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claim is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's assessment, such as it is, of Petitioner's claim. Accordingly, the Court **DENIES** a certificate of appealability. Further, any appeal of this Memorandum Opinion and Order would not be taken in good faith and would be totally frivolous. Therefore, under Federal Rule of Appellate Procedure 24, should Petitioner file a notice of appeal

regarding this Memorandum Opinion And Order, he is **DENIED** leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(3).

SO ORDERED.

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge